**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DESIGN SCIENCES, a Division of Jacobs Engineering Co., Respondent.**

**No. 76–1294.**

United States Court of Appeals, Ninth Circuit.

April 4, 1978.

As Amended April 26, 1978.

Elliott Moore, Washington, D. C., for petitioner.

Charles J. Schufreider of Voegelin & Barton, Los Angeles, Cal., for respondent.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

PER CURIAM:

The National Labor Relations Board (board) seeks enforcement of an order to bargain, issued after the board held an election and certified the winner as bargaining representative for certain employees of Design Sciences. Design Sciences refused to bargain, claiming that the employees are "agricultural laborers" and, as such, are beyond the jurisdiction of the board under § 2(3) of the National Labor Relations Act (29 U.S.C. § 152(3)). We enforce the order.

Because of geographical circumstances, farm land in the Imperial Valley of California is watered almost wholly through irrigation. It is therefore necessary that the land be carefully graded or sloped, so that gravity will carry the water to all areas under cultivation. Further, because of a high water table, Imperial Valley farms require subsurface drainage tiles or conduits.

Design Sciences is in the business of designing these grading and drainage operations on a contract basis. It employs surveyors who do 80% of their work on farms. In connection with the grading, the surveyors stake the fields and then indicate (on maps and on the stakes) the amount which the ground level at each spot must be raised or lowered. In connection with the drainage, they work from a map and indicate, by stakes, where and at what depths the tiles must be placed. In both cases, the actual earth moving or installation is done by other persons hired by the farmers.

There is only one question here as to the efficacy of the union certification and subsequent bargaining order. That is whether the employment just described is that of an "agricultural laborer". Agricultural laborers are not "employees" under the Act and therefore have no statutory right to collective bargaining (29 U.S.C. § 157). No "unfair labor practice" may be committed against them (29 U.S.C. § 158), and the board is without power to direct an election (29 U.S.C. § 159) or to act toward their protection (29 U.S.C. § 160).

Whether or not an individual is an "employee" is a question primarily for the board, and the board's determination will be accepted ". . . if it has 'warrant in the record' and a reasonable basis in law". *N.L.R.B. v. Hearst Publications, Inc.*, 322 U.S. 111, 131, 64 S.Ct. 851, 861, 88 L.Ed. 1170 (1944).

We feel especially inclined to follow that rule of deference here, because the question is one particularly suitable for expert determination, and particularly unsuitable for imposing our speculation as to what work is "agricultural".

Design Sciences correctly notes that the question is a close one. Deciding what "agricultural laborer" means, for labor relations purposes, is done by referring to the definition of "agriculture" in the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Section 203(f) provides:

" 'Agriculture' includes . . . any practices . . . performed by a farmer or on a farm as an incident to or in conjunction with such farming operations . . ."

The labor department interprets the "on a farm as an incident to" language as follows:

"Generally, a practice . . . is within the statutory language only if it

constitutes an established part of agriculture, is subordinate to the farming operations involved, and does not amount to an independent business. Industrial operations . . . and processes that are more akin to manufacturing than to agriculture . . . are not included . . . ." 29 C.F.R. § 780.144 (1975).

Design Sciences cites a number of cases for its contention. Taken together, they suggest that the board might have decided otherwise here. We are satisfied that the record warrants the board's findings as to the character of these surveyors' work, and that the relevant definitions furnish a "reasonable basis in law", for the board's finding that said work is not "agricultural".

The order to bargain is hereby enforced.